UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SEMYON GRINBLAT, individually and on :  Civil No.: 19-cv-07015-CBA-ST
behalf of all others similarly situated,   :

             :    **ANSWER**

      Plaintiff(s),   :

             :

  -against-       :

             :

RITE AID DRUG PALACE, INC., LOIS  :
WITKOFF, MARTIN BIRNBAUM, JOHN :
DOE 1-X, persons yet unknown, Limited :
Liability Companies, Partnerships, Corporations :
1-X, entities yet unknown,    :

             :

      Defendant(s).   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Answering defendant, RITE AID DRUG PALACE, INC., by way of its attorneys, RAVEN & KOLBE, LLP, as and for its Answer to plaintiff's Complaint, states as follows:

### AS TO STATEMENT OF THE PLAINTIFF'S CLAIMS

1. Answering defendant denies all of the allegations contained in paragraph "1" of plaintiff's Complaint except admits that plaintiff purports to describe his claims.

2. No response is required as to the allegations contained in paragraph "2" of plaintiff's Complaint.

3. No response is required as to the allegations contained in paragraph "3" of plaintiff's Complaint.

### AS TO JURISDICTION AND VENUE

4. Answering defendant admits the allegations contained in paragraph "4" of plaintiff's Complaint.

5. Answering defendant admits the allegations contained in paragraph "5" of plaintiff's Complaint.

6. Answering defendant admits the allegations contained in paragraph "6" of plaintiff's Complaint.

## AS TO PARTIES

7.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiff's Complaint.

8.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiff's Complaint.

9.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "9" of plaintiff's Complaint.

10.    Answering defendant admits the allegations contained in paragraph "10" of plaintiff's Complaint.

11.    Answering defendant denies all of the allegations contained in paragraph "11" of plaintiff's Complaint except admits that upon information and belief, the defendant RITE AID DRUG PALACE, INC. leased the store and/or pharmacy under the name Rite Aid.

12.    Answering defendant denies all of the allegations contained in paragraph "12" of plaintiff's Complaint.

13.    Answering defendant denies all of the allegations contained in paragraph "13" of plaintiff's Complaint.

14.    Answering defendant admits the allegations contained in paragraph "14" of plaintiff's Complaint.

15.    Answering defendant admits the allegations contained in paragraph "15" of plaintiff's Complaint.

16.    Answering defendant admits the allegations contained in paragraph "16" of plaintiff's Complaint.

17.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiff's Complaint.

18.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's Complaint.

19.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's Complaint.

20.    Answering defendant denies all of the allegations contained in paragraph "20" of plaintiff's Complaint except admits that

21.    Answering defendant lacks sufficient knowledge or information to form a belief

as to the truth of the allegations contained in paragraph "21" of plaintiff's Complaint.

22. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "22" of plaintiff's Complaint.

23. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "23" of plaintiff's Complaint.

24. Answering defendant denies all of the allegations contained in paragraph 24" of plaintiff's Complaint except admits that upon information and belief, the defendant MARTIN BIRNBAUM is a landlord and leases his building to the defendant RITE AID DRUG PALACE, INC.

25. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's Complaint.

26. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "26" of plaintiff's Complaint.

27. Answering defendant denies all of the allegations contained in paragraph "27" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

28. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "28" of plaintiff's Complaint.

29. Answering defendant denies all of the allegations contained in paragraph "29" of plaintiff's Complaint.

30. Answering defendant denies all of the allegations contained in paragraph "30" of plaintiff's Complaint except admits that RITE AID DRUG PALACE, INC. was a tenant.

31. Answering defendant denies all of the allegations contained in paragraph "31" of plaintiff's Complaint.

32. Answering defendant denies all of the allegations contained in paragraph "32" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO CLASS ACTION

33. The allegations contained in paragraph "33" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that

the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

34.    The allegations contained in paragraph "34" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

35.    The allegations contained in paragraph "35" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

36.    The allegations contained in paragraph "36" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

37.    The allegations contained in paragraph "37" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

38.    The allegations contained in paragraph "38" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

39.    The allegations contained in paragraph "39" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

40.    The allegations contained in paragraph "40" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

41.    The allegations contained in paragraph "41" of plaintiff's Complaint are legal in

nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

42. The allegations contained in paragraph "42" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

## AS TO STATUTORY SCHEME

43. The allegations contained in paragraph "43" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

44. The allegations contained in paragraph "44" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

45. The allegations contained in paragraph "45" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

46. The allegations contained in paragraph "46" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

47. The allegations contained in paragraph "47" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

48. The allegations contained in paragraph "48" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that

the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

49. The allegations contained in paragraph "49" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

50. The allegations contained in paragraph "50" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

51. The allegations contained in paragraph "51" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

52. The allegations contained in paragraph "52" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

53. The allegations contained in paragraph "53" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

54. The allegations contained in paragraph "54" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

55. The allegations contained in paragraph "55" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

56. The allegations contained in paragraph "56" of plaintiff's Complaint are legal in

nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

57. The allegations contained in paragraph "57" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

58. The allegations contained in paragraph "58" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

59. The allegations contained in paragraph "59" of plaintiff's Complaint are legal in nature and, thus, respectfully referred to the Court for determination. However, to the extent that the allegations contained in this paragraph can be construed as asserting a breach of a legal duty owed by this answering defendant, they are expressly denied.

60. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "60" of plaintiff's Complaint.

## AS TO FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION
### Violations of the ADA

61. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "61" of plaintiff's Complaint.

62. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "62" of plaintiff's Complaint.

63. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "63" of plaintiff's Complaint.

64. Answering defendant denies all of the allegations contained in paragraph "64" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

65. Answering defendant denies all of the allegations contained in paragraph "65" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the

action.

66.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "66" of plaintiff's Complaint.

67.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "67" of plaintiff's Complaint.

68.     Answering defendant denies all of the allegations contained in paragraph "68" of plaintiff's Complaint.

69.     No response is required as to the allegations contained in paragraph "69" of plaintiff's Complaint.

70.     Answering defendant denies all of the allegations contained in paragraph "70" of plaintiff's Complaint.

71.     Answering defendant admits the allegations contained in paragraph "71" of plaintiff's Complaint.

72.     Answering defendant admits the allegations contained in paragraph "72" of plaintiff's Complaint.

73.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "73" of plaintiff's Complaint.

74.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "74" of plaintiff's Complaint.

75.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "75" of plaintiff's Complaint.

76.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "76" of plaintiff's Complaint.

77.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "77" of plaintiff's Complaint.

78.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "78" of plaintiff's Complaint.

79.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "79" of plaintiff's Complaint.

80.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "80" of plaintiff's Complaint.

81. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "81" of plaintiff's Complaint.

82. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "82" of plaintiff's Complaint.

83. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "83" of plaintiff's Complaint.

84. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "84" of plaintiff's Complaint.

85. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "85" of plaintiff's Complaint.

86. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "86" of plaintiff's Complaint.

87. Answering defendant denies all of the allegations contained in paragraph "87" of plaintiff's Complaint.

88. Answering defendant denies all of the allegations contained in paragraph "88" of plaintiff's Complaint.

89. Answering defendant denies all of the allegations contained in paragraph "89" of plaintiff's Complaint.

90. Answering defendant denies all of the allegations contained in paragraph "90" of plaintiff's Complaint.

91. No response is required as to the allegations contained in paragraph "91" of plaintiff's Complaint.

92. Answering defendant denies all of the allegations contained in paragraph "92" of plaintiff's Complaint.

93. Answering defendant denies all of the allegations contained in paragraph "93" of plaintiff's Complaint.

94. No response is required as to the allegations contained in paragraph "94" of plaintiff's Complaint.

95. Answering defendant denies all of the allegations contained in paragraph "95" of plaintiff's Complaint.

96. No response is required as to the allegations contained in paragraph "96" of

plaintiff's Complaint.

97.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "97" of plaintiff's Complaint.

98.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "98" of plaintiff's Complaint.

99.     No response is required as to the allegations contained in paragraph "99" of plaintiff's Complaint.

100.    Answering defendant denies all of the allegations contained in paragraph "100" of plaintiff's Complaint.

101.    No response is required as to the allegations contained in paragraph "101" of plaintiff's Complaint.

102.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "102" of plaintiff's Complaint.

103.    Answering defendant denies all of the allegations contained in paragraph "103" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

104.    No response is required as to the allegations contained in paragraph "104" of plaintiff's Complaint.

105.    No response is required as to the allegations contained in paragraph "105" of plaintiff's Complaint.

106.    No response is required as to the allegations contained in paragraph "106" of plaintiff's Complaint.

107.    No response is required as to the allegations contained in paragraph "107" of plaintiff's Complaint.

108.    No response is required as to the allegations contained in paragraph "108" of plaintiff's Complaint.

109.    Answering defendant denies all of the allegations contained in paragraph "109" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

110.    No response is required as to the allegations contained in paragraph "110" of plaintiff's Complaint.

111. No response is required as to the allegations contained in paragraph "111" of plaintiff's Complaint.

112. Answering defendant denies all of the allegations contained in paragraph "112" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

113. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "113" of plaintiff's Complaint.

114. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "114" of plaintiff's Complaint.

115. No response is required as to the allegations contained in paragraph "115" of plaintiff's Complaint.

116. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "116" of plaintiff's Complaint.

117. No response is required as to the allegations contained in paragraph "117" of plaintiff's Complaint.

118. Answering defendant denies all of the allegations contained in paragraph "118" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

119. Answering defendant denies all of the allegations contained in paragraph "119" of plaintiff's Complaint.

120. Answering defendant denies all of the allegations contained in paragraph "120" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

121. Answering defendant denies all of the allegations contained in paragraph "121" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

122. Answering defendant denies all of the allegations contained in paragraph "122" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

123. Answering defendant denies all of the allegations contained in paragraph "123" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the

action.

124. Answering defendant denies all of the allegations contained in paragraph "124" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

125. No response is required as to the allegations contained in paragraph "125" of plaintiff's Complaint.

126. Answering defendant denies all of the allegations contained in paragraph "126" of plaintiff's Complaint.

127. Answering defendant denies all of the allegations contained in paragraph "127" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

128. Answering defendant denies all of the allegations contained in paragraph "128" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

129. Answering defendant denies all of the allegations contained in paragraph "129" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

130. Answering defendant denies all of the allegations contained in paragraph "130" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

131. Answering defendant denies all of the allegations contained in paragraph "131" of plaintiff's Complaint.

132. Answering defendant denies all of the allegations contained in paragraph "132" of plaintiff's Complaint.

133. Answering defendant denies all of the allegations contained in paragraph "133" of plaintiff's Complaint.

134. Answering defendant denies all of the allegations contained in paragraph "134" of plaintiff's Complaint.

135. No response is required as to the allegations contained in paragraph "135" of plaintiff's Complaint.

136. Answering defendant denies all of the allegations contained in paragraph "136" of

plaintiff's Complaint.

137.     Answering defendant denies all of the allegations contained in paragraph "137" of plaintiff's Complaint.

## AS TO THE SECOND CAUSE OF ACTION

### Violations of the New York State Human Rights Laws

138.     Answering defendant repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "137" of the Complaint as if same were more fully set forth at length herein.

139.     No response is required as to the allegations contained in paragraph "139" of plaintiff's Complaint.

140.     Answering defendant denies all of the allegations contained in paragraph "140" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

141.     Answering defendant denies all of the allegations contained in paragraph "141" of plaintiff's Complaint.

142.     Answering defendant denies all of the allegations contained in paragraph "142" of plaintiff's Complaint.

143.     Answering defendant denies all of the allegations contained in paragraph "143" of plaintiff's Complaint.

144.     Answering defendant denies all of the allegations contained in paragraph "144" of plaintiff's Complaint.

145.     Answering defendant denies all of the allegations contained in paragraph "145" of plaintiff's Complaint.

146.     Answering defendant denies all of the allegations contained in paragraph "146" of plaintiff's Complaint.

147.     Answering defendant denies all of the allegations contained in paragraph "147" of plaintiff's Complaint.

148.     Answering defendant denies all of the allegations contained in paragraph "148" of plaintiff's Complaint.

149.     Answering defendant denies all of the allegations contained in paragraph "149" of

plaintiff's Complaint.

150. Answering defendant denies all of the allegations contained in paragraph "150" of plaintiff's Complaint.

151. Answering defendant denies all of the allegations contained in paragraph "151" of plaintiff's Complaint.

152. Answering defendant denies all of the allegations contained in paragraph "152" of plaintiff's Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### Violations of the New York State Civil Rights Laws

153. Answering defendant repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "152" of the Complaint as if same were more fully set forth at length herein.

154. Answering defendant denies all of the allegations contained in paragraph "154" of plaintiff's Complaint.

155. Answering defendant denies all of the allegations contained in paragraph "155" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

156. Answering defendant denies all of the allegations contained in paragraph "156" of plaintiff's Complaint.

157. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "157" of plaintiff's Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### Violations of the New York City Human Rights Laws

158. Answering defendant repeats, reiterates and realleges each and every answer to the allegations set forth in paragraphs "1" through "157" of the Complaint as if same were more fully set forth at length herein.

159. No response is required as to the allegations contained in paragraph "159" of plaintiff's Complaint.

160. Answering defendant denies all of the allegations contained in paragraph "160" of

plaintiff's Complaint.

161.   Answering defendant denies all of the allegations contained in paragraph "161" of plaintiff's Complaint.

162.   Answering defendant denies all of the allegations contained in paragraph "162" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

163.   No response is required as to the allegations contained in paragraph "163" of plaintiff's Complaint.

164.   Answering defendant denies all of the allegations contained in paragraph "164" of plaintiff's Complaint.

165.   Answering defendant denies all of the allegations contained in paragraph "165" of plaintiff's Complaint.

166.   Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "166" of plaintiff's Complaint.

167.   Answering defendant denies all of the allegations contained in paragraph "167" of plaintiff's Complaint.

168.   Answering defendant denies all of the allegations contained in paragraph "168" of plaintiff's Complaint.

## AS TO ATTORNEY'S FEES AND COSTS

169.   Answering defendant denies all of the allegations contained in paragraph "169" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO COMPENSATORY AND STATUTORY MONETARY DAMAGES

170.   Answering defendant denies all of the allegations contained in paragraph "170" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

171.   Answering defendant denies all of the allegations contained in paragraph "171" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

172.   Answering defendant denies all of the allegations contained in paragraph "172" of

plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO PUNITIVE DAMAGES

173.    Answering defendant denies all of the allegations contained in paragraph "173" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO INJUNCTIVE RELIEF

174.    Answering defendant denies all of the allegations contained in paragraph "174" of plaintiff's Complaint and begs leave to refer all questions of law and fact to the trial of the action.

175.    No response is required as to the allegations contained in paragraph "175" of plaintiff's Complaint.

176.    Answering defendant denies all of the allegations contained in paragraph "176" of plaintiff's Complaint.

177.    Answering defendant denies all of the allegations contained in paragraph "177" of plaintiff's Complaint.

178.    Answering defendant denies all of the allegations contained in paragraph "178" of plaintiff's Complaint.

## AS TO DECLARATORY RELIEF

179.    Answering defendant denies all of the allegations contained in paragraph "179" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The provisions of the Americans with Disabilities Act cited by plaintiff do not provide for monetary relief, either compensatory or punitive.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Injunctive relief sought by plaintiff is unnecessary as there was no discrimination against the plaintiff and there is no reason to believe that there would be any discrimination in the future.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Answering defendant does not have a pattern of discriminating against the disabled and, therefore, the relief sought by plaintiff is improper.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Answering defendant accommodates the disabled. Any inconvenience caused by any temporary condition would have been necessary in the course of running defendant's business and does not amount to a failure to accommodate the disabled.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff was restricted in the use of a wheelchair at the defendant's pharmacy, without admitting same, there was no intentional discrimination.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If, in fact, there were any statutory violations affecting the plaintiff's Civil Rights as a disabled person, said violations were minor in nature and did not substantially affect plaintiff's ability to enter, exit and utilize the Rite Aid.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specify any allegations as to how, where and when he was discriminated against due to a disability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specify the manner in which he was restricted and/or not given the same rights as a non-disabled person.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The instant action has no arguable basis in law or fact, is frivolous and vexatious, and should be dismissed, and defendant should be awarded attorney's fees, costs and interest for the defense of this frivolous action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The relief, in whole or in part, sought by the plaintiff would constitute an undue burden upon defendant and, therefore, should not be granted pursuant to 42 U.S.C. §12182(b)(2)(A)(ii).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint, in whole or in part, would require disproportionate cost.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent discovery shows that plaintiff lacks standing to seek some portion or all of the relief sought in the Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide defendant with prior notice of the alleged violations and to provide opportunity to cure the alleged violations.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff causes of action for injunctive relief and declaratory judgment are preempted by applicable law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged violations are *de minimis* and non-actionable because they do not materially impair plaintiff's use of an area for an intended purpose.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims that the place of public accommodation violated the ADA and/or other statutes or codes are barred to the extent that said place of public accommodation were

designated or constructed prior to the effective dates of the ADA and/or claims statues, codes, or regulations allegedly violated.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not possess a bona fide good faith intent at the subject premises and avail himself of the goods and services provided thereby, but instead acted for the sole purpose of instituting this lawsuit.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The relief sought by plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered and therefore should not be granted pursuant to 42 U.S.C. §12182(b)(2)(A)(ii).

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The provisions of the Americans with Disability Act cited by the plaintiff do not provide for monetary relief, either compensatory or punitive.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

It is an undue burden and hardship upon answering defendant as the tenant under the American with Disabilities Act to remove the alleged barriers that are not readily achievable.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the modification sought in the Complaint are not "alterations" within the meaning of the statutes cited in the Complaint and/or they do not trigger an "alteration" legal standard because the modifications sought would be disproportionate in costs or cost in excess to twenty percent (20%) of the entire "alteration".

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because "equivalent facilitations" in the form of alternative policies and technologies provide substantially equivalent or greater access to and usability of its facilities.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against answering defendant are barred as plaintiff did not seek to exhaust all state remedies prior to the filing of the Complaint.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff allegedly does not have a sufficient intent to return to the premises and plaintiff's alleged visit as a "tester" militates against any real intent to return to the premises.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff has failed to mitigate his damages, including attorney's fees and costs, by failing to provide pre-suit notice and an opportunity to cure.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part to the extent that the relief demanded, if granted, would require significant and fundamental alteration to the manner in which the premises provides goods and services and is not required as a matter of law.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering defendant no longer owns or operates the store at the location where the alleged incident occurred and, therefore, no injunctive relief can be sought as the store was sold to Walgreens in October of 2019.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Answering defendant will rely upon any and all further defenses which become available or appear during discovery in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS LOIS WITKOFF, MARTIN BIRNBAUM, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

If the plaintiff sustained damages in the manner alleged in the Complaint, all of which is denied by this answering defendant, such damages were caused by the reason of the requirements and direction and approval of the co-defendants.

By reason of the foregoing, this answering defendant is entitled to indemnification from and to have judgment over and against the co-defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS LOIS WITKOFF, MARTIN BIRNBAUM, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

If plaintiff sustained damages in the manner alleged in the Complaint, all of which is denied by this answering defendant, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the co-defendants.

By reason of the foregoing, this answering defendant is entitled to contribution from and to have judgment over and against the co-defendants, for all or part of any verdict or judgment that plaintiff may recover against this answering defendant.

## DEFENDANT RITE AID'S COUNTERCLAIM FOR ATTORNEYS FEES AS AGAINST PLAINTIFF

Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, answering defendant is entitled to recover from plaintiff, its attorney's fees, costs, and other disbursements incurred in this action.

**WHEREFORE,** answering defendant demands judgment dismissing the Complaint against defendant, RITE AID DRUG PALACE, INC., in its entirety; judgment on its

Crossclaims together with costs and disbursements; and judgment on its Counterclaim together with costs and disbursements; and for such other and further relief as the Court may deem appropriate.

Dated: February 18, 2020
      New York, New York

                    Yours, etc.

                    RAVEN & KOLBE, LLP

By: _____
                    Keith A. Raven (KR-8086)
                    Attorneys for Defendant
                    RITE AID DRUG PALACE, INC.
                    126 East 56th Street, Suite 202
                    New York, New York 10022
                    Tel. (212) 759-7466
                    Fax (212) 759-0166
                    File No.: 904-516-01

TO:

LAW OFFICES OF MICHAEL GRINBLAT
Attorneys for Plaintiff
SEMYON GRINBLAT
817 Broadway
New York, New York 10003
Tel. (347) 796-0712
Fax (212) 202-5130

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

       Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

       1.     That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

       2.     That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Queens, New York.

       3.     That on February 20, 2020, she filed via ECF and served the within copy of the **ANSWER** upon:

> LAW OFFICES OF MICHAEL GRINBLAT
> 817 Broadway
> New York, New York 10003

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

                                   NELIDA M. LAMBOY-PEREZ

Sworn to before me this
20th day of February, 2020

Keith A. Raven
Notary Public, State of New York
Reg. No. 02RA6011105
Commission Expires 08-03-23